FILED
Apr 21, 2020
12:10 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Quinctius Coble | )   Docket No.     2018-07-0542 |
| | ) |
| v. | )   State File No.   61181-2018 |
| | ) |
| Pictsweet Co., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Allen Phillips, Judge | ) |

---

### Affirmed and Certified as Final

---

The employee alleged suffering an electrical shock while working at the employer's vegetable packaging facility. The employer initially provided workers' compensation benefits but denied the claim when the authorized physician opined that the employee's ongoing complaints were causally related to his uncontrolled diabetes rather than the alleged work injury. Following an expedited hearing on the record, the trial court determined the employee had not presented sufficient evidence to establish he would likely prevail at trial and denied the employee's requested benefits. The employer subsequently filed a motion for summary judgment, which the trial court granted, finding that the undisputed facts established that the employee's injury was not causally related to his employment. The employee has appealed but has failed to identify any issues on appeal, failed to provide any argument to support his position, and failed to explain how he contends the trial court erred. Having carefully reviewed the record, we affirm the trial court's decision and certify the trial court's order granting summary judgment as final.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

Quinctius Coble, Brownsville, Tennessee, employee-appellant, pro se

Paul Todd Nicks, Germantown, Tennessee, for the employer-appellee, Pictsweet Co.

1

## Memorandum Opinion[1]

Quinctius Coble ("Employee") worked for Pictsweet Company ("Employer") in its vegetable packaging facility. While operating a machine at work, Employee alleges he experienced an electrical shock that entered his body through his right hand and exited through his right foot. Employer initially provided workers' compensation benefits, including medical care for a wound on Employee's right foot. However, Employer denied the claim when the authorized physician, Dr. Peter Gardner, opined that Employee's ongoing problems were causally related to his uncontrolled diabetes and not to any electrical shock he may have experienced.

Employee requested an expedited hearing and asked the trial court to render a decision on the record rather than convening an in-person hearing. Following the entry of a docketing notice for the expedited hearing, Employer filed a motion to exclude records submitted by Employee in support of his request for benefits. The trial court subsequently conducted a hearing and granted Employer's motion to exclude certain medical records and medical bills submitted by Employee. Noting that Employee was self-represented, the court also extended the time for Employee to "correct the deficiencies in [his] evidence" to June 28, 2019.

On July 19, 2019, the trial court entered an expedited hearing order denying the benefits requested by Employee. In its order, the court observed that Dr. Gardner noted a wound on Employee's right foot, but stated that Employee had previously told Employer that he believed his boot had rubbed a sore on his heel. The court further noted that Dr. Gardner had stated that, to a reasonable degree of medical certainty, Employee's complaints for which he was seeking treatment did not arise primarily out of his employment but were related to uncontrolled diabetes. The court concluded that the only medical opinion provided for its review was that of Dr. Gardner who had opined that Employee's complaints were not causally related to the employment. That order was not appealed.

Subsequently, Employer filed a motion for summary judgment, asserting the undisputed facts establish that Employee's alleged injuries did not arise primarily out of his employment. Employee did not respond to Employer's motion for summary judgment or its statement of undisputed facts but did participate in the December 10, 2019 hearing on the motion. In its order granting summary judgment, the trial court noted that it was undisputed that the only medical proof submitted to and considered by the court was Dr. Gardner's opinion that, to a reasonable degree of medical certainty, the

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

alleged injury did not arise primarily out of the employment but was instead related to Employee's uncontrolled diabetes. Employee has appealed.

In his notice of appeal, Employee does not raise any reviewable issue. Instead, he states, "June 21, 2018, was electric shocked on the job at [P]ictsweet, [P]ictsweet work-comp Doctor (Peter Gardner) put it all on diabetese [sic], but that don't [sic] change the fact that [I] was electrocuted on the job at [P]ictsweet."

Additionally, Employee has not filed a brief, cited any authority, or made any meaningful argument on appeal with regard to how he believes the trial court erred. As stated by the Tennessee Supreme Court, and as we have observed on numerous occasions, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). Indeed, were we to search the record for possible errors and raise issues and arguments for Employee, we would essentially be acting as his counsel. The law clearly prohibits us from doing so, and appellate courts will not "dig through the record in an attempt to discover arguments or issues that [a pro se party] may have made had [that party] been represented by counsel," as doing so "would place [the opposing party] in a distinct and likely insurmountable and unfair disadvantage." *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015). Accordingly, we decline to conduct an "archaeological dig" into the record in an attempt to discover errors that might benefit either party. *McEarl v. City of Brownsville*, No. W2015-00077-COA-R3-CV, 2015 Tenn. App. LEXIS 894, at *7 (Tenn. Ct. App. Nov. 6, 2015).

A motion for summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. The burden is on the party pursuing summary judgment to demonstrate both that no genuine issue of material fact exists and that the moving party is entitled to a judgment as a matter of law. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 83 (Tenn. 2008). If the moving party makes a properly supported motion, the burden of production then shifts to the nonmoving party to demonstrate the existence of a genuine issue of material fact at the summary judgment stage. *Rye v. Women's Care Ctr. of Memphis, PLLC*, 477 S.W.3d 235, 265 (Tenn. 2015).

Here, Employer moved for summary judgment based on the lack of medical proof establishing a work-related injury and the presence of affirmative proof that Employee's complaints did not arise primarily out of his employment. Employer asserted that Employee's evidence was insufficient to establish causation, an essential element of his claim for benefits. Employer supported its assertion with the opinion of Employee's treating physician, Dr. Gardner, who stated that Employee's injury, to a reasonable

degree of medical certainty, did not arise primarily out of his employment but was instead related to uncontrolled diabetes. At that point, the burden shifted to Employee to establish the presence of a genuine issue as to any material fact regarding the cause of his alleged injuries. He has failed to do that. Thus, the trial court did not err in granting Employer's motion for summary judgment and dismissing Employee's claim.

For the foregoing reasons, we affirm the decision of the trial court and certify the trial court's order granting summary judgment and dismissing Employee's claim as final. Costs on appeal have been waived.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Quinctius Coble | ) | Docket No.  2018-07-0542 |
| | ) | |
| v. | ) | State File No.  61181-2018 |
| | ) | |
| Pictsweet Co., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Allen Phillips, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 21st day of April, 2020.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Quinctius Coble | | | | X | quintcoble12@gmail.com |
| Paul T. Nicks | | | | X | pnicks@travelers.com |
| Jody Schmidt | | | | X | jschmid6@travelers.com |
| Allen Phillips, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov